UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-133-HRW

JASON ALLEN LONG,

                          PLAINTIFF,

v.     **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for supplemental security income benefits on December 3, 2003, alleging disability beginning on April 15, 2003, due to back pain, pneumonia, learning disabilities and loss of balance (Tr. 44-49).

1

This application was denied initially and on reconsideration. On September 8, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 23, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-20).

Plaintiff was 23 years old at the time of the hearing decision. She has a high school education and past relevant work experience as a grocery store laborer (Tr. 55-58).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff's past relevant work was not performed at the level of substantial gainful activity (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from low borderline IQ, marginal literacy, low back / knee pain and reported diminished vision without correction, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16).

The ALJ further found that Plaintiff could not return to her past relevant work[1] but determined that she has the residual functional capacity ("RFC") to perform work at the medium level of exertion with some limitations, as set forth in

---

[1] The VE testified that Plaintiff's relevant work was not performed at the level of substantial gainful activity, but even if it had been, it would have been performed at the medium-to-heavy level of exertion, which was precluded by Plaintiff's RFC.

his decision (Tr. 17-19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19-20). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 13, 2006 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole argument on appeal is that the ALJ erred by "acting as his own medical expert" (Plaintiff's brief, pg. 1). Specifically, Plaintiff contends that the ALJ "played doctor" when he determined that records from Pathway's, Inc, from August and September 2005 did not establish a severe, on-going mental impairment which rendered Plaintiff disabled (Plaintiff's brief, pg. 2).

Plaintiff's argument appears to imply that a medical expert, not the ALJ, is responsible for determining disability. This is incorrect. It is the ALJ who is charged with the responsibility for determining whether or not a claimant is disabled. *See* 20 C.F.R. §§ 404.944, 404.953, 404.955, 404.1429, 404.1455. The regulations also state that the responsibility for assessing a claimant's RFC rests with the ALJ. *See* 20 C.F.R. §§ 404.945(a)(1), 404.1545(a)(1).

5

The records to which Plaintff refers were submitted post-hearing. Nonetheless, the ALJ took at least the August 2005 assessment into account. However, the ALJ concluded that, despite having some degree of limitation, as reflected in the RFC, Plaintiff is not precluded from all work activity. The Court agrees. The record is replete with credible evidence demonstrating Plaintiff's capacity to perform work activities. For example, following a consultative examination January 2004, Phil Pak, M.S., found that Plaintiff has a good (more than satisfactory) ability to understand, retain and follow instructions, and a fair (limited but satisfactory) ability to sustain attention to perform repetitive tasks, relate to others and adapt to stress and pressures of day to day work activity (Tr. 174). This opinion is basically consistent the state Agency's medical consultant's findings (Tr. 190, 220). Moreover, the evidence of Plaintiff's daily activities belie his claim of total disability and support the ALJ's ultimate conclusion.

In this case, the Court, having reviewed the record, finds that the ALJ properly and fully analyzed the evidence, weighed the same, and rendered a decision based upon substantial evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge